■ GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., Respondent, v JOSEPH TERZI et al., Respondents, and EMPIRE INSURANCE COMPANY, Appellant. [648 NYS2d 167] —In an action, *inter alia,* for a judgment declaring that the defendant Empire Insurance Company must defend and, if necessary, indemnify

the plaintiff and the defendants Joseph and Altoon Terzi in a personal injury action entitled *Wolff v Terzi* (Index No. 11252/92), pending in the Supreme Court, Kings County, the defendant Empire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 30, 1995, as, upon reargument, adhered to a prior determination made in an order and judgment (one paper) of the same court dated October 26, 1994, granting the plaintiff's motion for summary judgment and declaring that the defendant Empire Insurance Company must defend and, if necessary, indemnify the plaintiff and the defendants Joseph and Altoon Terzi in the personal injury action.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff-respondent.

A party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Fennell v Mason,* 204 AD2d 599; *Putney v Pearlman,* 203 AD2d 333). In this case, the defendant Empire Insurance Company (hereinafter Empire) has established neither.

During a court appearance shortly before the original return date of the motion for summary judgment, Empire obtained a two-week adjournment of the date on which its opposition papers were due. Empire claimed that its failure to submit its opposition to the motion for summary judgment in a timely manner was due to law office failure in the form of a simple misunderstanding as to the length of its adjournment. Empire did not, however, elaborate as to the nature of the misunderstanding, and did not submit an explanatory affidavit of the attorney who appeared before the Supreme Court and obtained the adjournment. Moreover, the record indicates that the Supreme Court was clear as to the date on which the response papers were to be served.

While a court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement, the rejection of the excuse does not constitute an improvident exercise of discretion when the claim is vague, unspecified, or unsubstantiated (*see, Fennell v Mason, supra; Putney v Pearlman, supra*). Under the circumstances presented here, it cannot be said that the court improvidently exercised its discretion in rejecting Empire's excuse.

The record also establishes that Empire voluntarily agreed, in settling a related arbitration dispute, to indemnify the defendants Joseph and Altoon Terzi for any and all losses

incurred by them in the personal injury action at issue. Empire's claim that it never had any obligation to indemnify the defendants Joseph and Altoon Terzi is therefore unsupported and, in fact, directly contradicted by the record. Under the circumstances, Empire has failed to establish that it had a meritorious defense in this action. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.