■ LAURIE KLEIN, as Resident, Taypayer and President of East Bay Civic Association, Appellant, v CITY COUNCIL FOR THE CITY OF LONG BEACH et al., Respondents. [654 NYS2d 608] —In an action for a judgment declaring a proposed lease of certain City-owned tennis courts to be null and void, the appeal is from an order of the Supreme Court, Nassau County (Kutner, J.), entered May 10, 1996, which determined that the lease was not invalid and dismissed the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which dismissed the action; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the lease is valid.

The sole issue raised by the appellant concerns the propriety of a negative declaration issued pursuant to SEQRA by the respondent City Council for the City of Long Beach. However, since the appellant did not raise this issue in the proceeding before the Supreme Court, it is not preserved for appellate review (see, *Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals,* 112 AD2d 988, 988-989; *Matter of Jonas v Town of Colonie,* 110 AD2d 945, 946-947). The complaint should not have been dismissed, but an appropriate judgment, declaring that the lease is valid, should be entered (see, *Lanza v Wagner,*

11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.