■ AMERICAN SHORING, INC., Respondent, v D.C.A. CONSTRUCTION, LTD., Appellant. [789 NYS2d 722]—

In an action, inter alia, to recover the payment due under a lease of certain equipment, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated April 8, 2004, which denied its motion to vacate a judgment entered against it upon its default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

To vacate its default in appearing or answering the amended verified complaint, the defendant was required to demonstrate a reasonable excuse for its default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393, 394 [2004]; *Spells v A&P Supermarkets,* 253 AD2d 422 [1998]). The defendant's counsel failed to establish that the delay in appearing or answering was entirely attributable to a car accident involving an attorney from the law firm (*see Price v Salvo,* 203 AD2d 349 [1994]; *Hargett v Health & Hosps. Corp. of City of N.Y.,* 88 AD2d 633 [1982]). Moreover, the defendant's counsel did not explain why other attorneys at the firm who were capable of handling this matter did not assume responsibility for it (*see Price v Salvo, supra*). Furthermore, any reliance by the defendant on the parties' settlement negotiations between October 2003 and January 2004 did not constitute a reasonable excuse for the default, since the defendant was aware during those negotiations that the plaintiff had already obtained a default judgment (*cf. Scarlett v McCarthy,* 2 AD3d 623 [2003]; *Lehrman v Lake Katonah Club,* 295 AD2d 322 [2002]).

In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated a meritorious defense. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.