■ ABDERRAHMANE MJAHDI, Respondent, v EAMON MAGUIRE et al., Appellants, et al., Defendants. [802 NYS2d 700]—

In an action to recover damages for personal injuries, the defendants Eamon Maguire and Eddie Maguire appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated September 10, 2004, which granted the plaintiff's motion for

leave to enter a judgment against them upon their failure to appear or answer.

Ordered that the order is affirmed, with costs.

In order to avoid the entry of a default judgment upon their failure to appear or answer, the appellants were required to demonstrate a justifiable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864 [2005]; *Hegarty v Ballee,* 18 AD3d 706 [2005]; *Bergdoll v Pentecoste,* 17 AD3d 613 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.,* 17 AD3d 556 [2005]). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller,* 201 AD2d 706, 707 [1994]; *see Bergdoll v Pentecoste, supra* at 614).

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to enter a judgment against them upon their failure to appear or answer. In opposition to the motion, the appellants' attorney claimed that his clients could not "recall exactly" what they did with the complaint served upon them, and that while they believed they might have sent the complaint to his law firm, his firm never received it. These allegations do not constitute a reasonable excuse for the appellants' default in appearing or serving a timely answer (*see Pampalone v Giant Bldg. Maintenance, supra* at 557; *Abrams v City of New York,* 13 AD3d 566 [2004]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the appellants sufficiently demonstrated the existence of a meritorious defense (*see Krieger v Cohan,* 18 AD3d 823 [2005]).

The appellants' remaining contentions are without merit. Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.