■ CARRIE CANTY, Appellant, v PEARLEEL GREGORY, Respondent. [829 NYS2d 694]—

In an action, inter alia, to recover damages for personal injuries, injury to property, and breach of warranty of habitability, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated April 7, 2006, which, in effect, granted the defendant's motion to vacate an order of the same court dated November 18, 2005, granting the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability upon her failure to appear or answer the complaint and setting the matter down for an inquest on the issue of damages, and for leave to serve a late answer.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the motion to vacate the order dated November 18, 2005, and for leave to serve a late answer is denied.

In seeking to vacate her default, the defendant was required to demonstrate a reasonable excuse for her delay in appearing and answering the complaint and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]). The defendant's excuse for her lengthy delay in appearing in this action and her failure to oppose the plaintiff's motion for leave to enter a

default judgment against her, that her insurance carrier delayed in determining coverage, was insufficient (*see Lemberger v Congregation Yetev Lev D'Satmar, Inc.,* 33 AD3d 671 [2006]; *Krieger v Cohan,* 18 AD3d 823 [2005]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). The defendant's further allegations of neglect by her personal attorney, bereft of detail and corroboration, were insufficient to establish a reasonable excuse (*see Desiderio v Devani,* 24 AD3d 495, 496 [2005]; *Matter of Hye-Young Chon v Country-Wide Ins. Co.,* 22 AD3d 849 [2005]; *Beale v Yepes,* 309 AD2d 886 [2003]). Furthermore, the defendant failed to demonstrate the existence of a potentially meritorious defense (*see New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.,* 16 AD3d 391, 392 [2005]; *Amato v Fast Repair, Inc.,* 15 AD3d 429, 430 [2005]; *General Elec. Capital Auto Lease v Terzi,* 232 AD2d 449, 451 [1996]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate the order dated November 18, 2005, and for leave to serve a late answer. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.