■ DARWIN SEGOVIA, Plaintiff, v DELCON CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. SITE SAFETY, LLC, Third-Party Defendant-Appellant. [842 NYS2d 536]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme

Court, Westchester County (Nicolai, J.), entered May 24, 2006, which denied its motion, inter alia, to vacate an order of the same court entered December 23, 2005, granting the third-party plaintiffs' motion for leave to enter a default judgment against it on the issue of liability upon its failure to appear or answer the third-party complaint.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Canty v Gregory,* 37 AD3d 508 [2007]; *Mjahdi v Maguire,* 21 AD3d 1067 [2005]; *Taylor v Saal,* 4 AD3d 467 [2004]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]; *MacMarty, Inc. v Scheller,* 201 AD2d 706 [1994]).

Here, it is undisputed that the third-party defendant Site Safety, LLC (hereinafter Site Safety), was properly served with the third-party summons and complaint, and subsequently failed to timely answer or otherwise appear in the third-party action. Under the circumstances of this case, Site Safety's explanation that it defaulted because it was "waiting to hear from [its] various insurance carriers to see if there would be coverage for [the subject] claim" did not constitute a reasonable excuse (*see Harcztark v Drive Variety, Inc.,* 21 AD3d 876, 877 [2005]; *see also Canty v Gregory,* 37 AD3d at 509). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of Site Safety's motion which was to vacate its default. In view of the lack of a reasonable excuse, it is unnecessary to consider whether Site Safety sufficiently demonstrated the existence of a meritorious defense (*see Mjahdi v Maguire,* 21 AD3d at 1068; *American Shoring, Inc. v D.C.A. Constr., Ltd.,* 15 AD3d 431 [2005]).

Site Safety's remaining contentions are without merit. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.