■ SIGAL LEVI, Respondent, v YACCOV LEVI, Appellant. [848 NYS2d 228]—

In an action to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 13, 2005, which denied his motion pursuant to CPLR 5015 to vacate a prior order and judgment (one paper) of the same court dated February 4, 2005, granting the plaintiff's motion for leave to enter judgment against him upon his default in appearing or answering the complaint, and which was in favor of the plaintiff and against him adjudging that he held title to a one-half interest in the subject real property only as a constructive trustee for the benefit of the plaintiff, and adjudging that his title, right, and interest in the subject property was conveyed to the plaintiff.

Ordered that the order is affirmed, with costs.

A party seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Canty v Gregory,* 37 AD3d 508 [2007]; *Mjahdi v Maguire,* 21 AD3d 1067 [2005]; *Taylor v Saal,* 4 AD3d 467 [2004]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]; *MacMarty, Inc. v Scheller,* 201 AD2d 706 [1994]).

Here it is undisputed that the defendant was properly served with the summons and verified complaint, and that he subsequently failed to answer or otherwise appear in the action. The defendant offered no reasonable excuse for his failure to answer or appear in the action (*see New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.,* 16 AD3d 391, 392 [2005]; *Amato v Fast Repair, Inc.,* 15 AD3d 429, 430 [2005]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to vacate his default (*see Canty*

*v Gregory*, 37 AD3d at 509; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671 [2006]; *Krieger v Cohan*, 18 AD3d 823 [2005]; *Ennis v Lema*, 305 AD2d 632 [2003]). In view of the lack of reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a meritorious defense (*see Mjahdi v Maguire*, 21 AD3d at 1067; *American Shoring, Inc. v D.C.A. Constr., Ltd.* 15 AD3d 431 [2005]).

The defendant's remaining contentions are not reviewable on appeal. His claim regarding the court's denial of his application for the appointment of a guardian ad litem is not reviewable because he did not include, in the record on appeal, the letter from his doctor containing the allegation that he was incompetent (*see* CPLR 5526; *Salem v Mott*, 43 AD3d 397 [2007]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]). Finally, since the defendant's claim that the Supreme Court should have joined him as a necessary party in a related matrimonial action between the plaintiff and her husband (*see Levi v Levi*, 46 AD3d 520 [2007] [decided herewith]) is raised for the first time on appeal, it, likewise, is not properly before this Court (*see Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]; *Gammal v La Casita Milta*, 5 AD3d 630, 631 [2004]; *Zambito v Catanzaro*, 264 AD2d 839 [1999]; *Klein v City Council for City of Long Beach*, 236 AD2d 446 [1997]). Santucci, J.P., Krausman, Lifson and Balkin, JJ., concur.