■ SAMUEL AYIKU, Appellant, v JOHN VITERITTI et al., Respondents. [864 NYS2d 465]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered October 5, 2007, which granted the defendants' motion to vacate an order of the same court entered May 21, 2007 granting the plaintiff's motion for leave to enter a judgment against them upon their failure to appear or answer.

Ordered that the order entered October 5, 2007 is reversed, on the facts and in the exercise of discretion, with costs, the defendants' motion to vacate the order entered May 21, 2007 is denied, and the order entered May 21, 2007 is reinstated.

The defendants, who sought to have their default in appearing or timely answering the complaint vacated, were required to demonstrate both a reasonable excuse for their default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Levi v Levi, 46 AD3d 519 [2007]; Segovia v Delcon Constr. Corp., 43 AD3d 1143 [2007]). They were required to submit supporting facts in evidentiary form sufficient to justify their default (see White v Incorporated Vil. of Hempstead, 41 AD3d 709 [2007]; Kumar v Yonkers Contr. Co., Inc., 14 AD3d 493 [2005]; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553 [2001]).

The defendants failed to demonstrate, by competent proof, the existence of a reasonable excuse for their default. Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to vacate their default (see Lemberger v Congregation Yetev Lev D'Satmar, Inc., 33 AD3d 671 [2006]; Krieger v Cohan, 18 AD3d 823, 824 [2005]; New York Hosp. Med. Ctr. of Queens v Clarendon Natl. Ins. Co., 13 AD3d 596 [2004]; Abrams v City of New York, 13 AD3d 566 [2004]). Skelos, J.P., Ritter, Florio and Carni, JJ., concur.