■ KATHRYN TOLAND et al., Respondents, v JIM YOUNG et al., Appellants. [873 NYS2d 916]—In an action to recover damages for personal injuries, etcetera, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 3, 2007, which granted the plaintiffs' unopposed motion for leave to enter a judgment against the defendants on

the issue of liability upon their default in appearing or answering the complaint, and (2) an order of the same court dated June 19, 2007, which denied their motion pursuant to CPLR 5015 (a) to vacate the order dated January 3, 2007.

Ordered that the appeal from the order dated January 3, 2007, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order dated June 19, 2007, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A defendant seeking to vacate its default in appearing or answering the complaint must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Canty v Gregory*, 37 AD3d 508 [2007]; *Mjahdi v Maguire*, 21 AD3d 1067 [2005]). The defendants' excuse that their insurance carrier failed to provide a defense was insufficient to excuse their default in serving a timely answer (*see Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]; *Krieger v Cohan*, 18 AD3d 823, 824 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a meritorious defense (*see Levi v Levi*, 46 AD3d 519, 520 [2007]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *Mjahdi v Maguire*, 21 AD3d at 1068). Accordingly, the defendants' motion to vacate their default was properly denied. Spolzino, J.P., Ritter, Covello and Angiolillo, JJ., concur.