■ Zalman Leifer et al., Appellants, v Pilgreen Corporation, Respondent. [878 NYS2d 451]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 15, 2007, which denied their motion for leave to enter judgment on the issue of liability upon the defendant's failure to appear or answer and to set the matter down for an inquest on the issue of damages, and granted the defendant's cross motion for leave to serve a late answer nunc pro tunc.

Ordered that the order is reversed, on the law, on the facts,

and in the exercise of discretion, with costs, the plaintiffs' motion is granted, the defendant's cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

It is uncontested that the defendant failed to timely serve its answer. The stipulation extending its time to do so expired in October 2006 and no extension thereof was granted or even sought. Thus, in order to successfully oppose the plaintiffs' motion for leave to enter a default judgment against it, the defendant was required to demonstrate a justifiable excuse for its default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Kouzios v Dery,* 57 AD3d 949 [2008]; *Mjahdi v Maguire,* 21 AD3d 1067, 1068 [2005]; *cf. Giovanelli v Rivera,* 23 AD3d 616 [2005]). The defendant failed to do so.

The defendant's insurance carrier's long delay before defending this action, without more, was insufficient to establish a reasonable excuse for the default (*see Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.,* 52 AD3d 786, 787 [2008]; *Segovia v Delcon Constr. Corp.,* 43 AD3d 1143 [2007]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.,* 33 AD3d 671, 672 [2006]). Additionally, the defendant failed to demonstrate the existence of a meritorious defense. Accordingly, the plaintiffs' motion for leave to enter a default judgment and to set the matter down for an inquest should have been granted and the defendant's cross motion for leave to serve a late answer nunc pro tunc should have been denied (*see* CPLR 3012 [d]).

Furthermore, the court erred in deeming the issue of timeliness of the answer waived by the plaintiffs' withdrawal of their prior motion for a default judgment. After the defendant served a late answer, the plaintiffs promptly moved for the same relief, bringing their objection to the attention of the defendant and the court (*see Katz v Perl,* 22 AD3d 806, 807 [2005]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.