■ DONALD LAMBERT, Appellant, v LAURENCE E. SCHREIBER, Respondent. [893 NYS2d 275]—

In October 2006 the plaintiff moved, in effect, for summary judgment awarding damages for breach of contract and, thereupon, for a judgment awarding damages in lieu of a prior judgment in his favor on the cause of action for specific performance. At a court appearance on November 30, 2006, the return date of the motion was adjourned to January 18, 2007. The Supreme Court, however, having erroneously marked the motion "submitted" on November 30, 2006, granted the motion as unopposed on February 1, 2007, and a default judgment in the principal sum of $844,700 was entered against the defendant on April 25, 2007. The defendant subsequently moved to vacate the default judgment, and, based on its mistake in marking the plaintiff's unopposed motion "submitted" on November 30, 2006, the court granted the motion. The plaintiff then moved for leave to reargue the motion. However, upon reargument, the Supreme Court adhered to its original determination granting the defendant's motion to vacate the default judgment.

To prevail on his motion to vacate the judgment entered upon his default, the defendant was required to demonstrate a reasonable excuse for the default and a meritorious opposition to the plaintiff's motion (see CPLR 5015 [a] [1]; Pemberton v Fuchs, 57 AD3d 863 [2008]; Raciti v Sands Point Nursing Home, 54 AD3d 1014, 1015 [2008]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389 [2008]). The defendant, maintaining that he served and filed papers opposing the plaintiff's motion in December 2006 and, thus, that no default occurred, did not attempt to demonstrate a reasonable excuse for the default. The record does not support the defendant's assertion that he did not default in opposing the plaintiff's motion. The plaintiff's attorney disputed the assertion of the defendant's attorney that opposition papers were served on the plaintiff, stating in his own affirmation that he never received any such papers, and the Supreme Court acknowledged on the record that there was no indication in the court's file or computer records that the defendant had ever filed papers in opposition to the plaintiff's motion. The defendant not only failed to produce an affidavit of service or any other proof establishing that he served or filed opposition papers, but failed to produce the opposition papers themselves. Significantly, the order granting the plaintiff's motion as unopposed was dated February 1, 2007, after the adjourned return date of January 18, 2007.

Thus, since there was a default and the defendant offered no excuse therefor, the Supreme Court improvidently exercised its discretion in vacating the default judgment entered on April 25, 2007 (*see Ayiku v Viteritti*, 54 AD3d 789 [2008]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]). Accordingly, upon reargument, the Supreme Court should have denied the defendant's motion to vacate the default judgment. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.