■ MICHELE LIPPA GARTNER et al., Respondents, v UNIFIED WINDOWS, DOORS AND SIDING, INC., Respondent, et al., Defendants, and HOT SIDING, INC., Appellant. (And Another Title.) [896 NYS2d 415]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant Hot Siding, Inc., appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 3, 2008, which denied its motion pursuant to CPLR 5015 (a) (1) and 317 to vacate so much of an order of the same court dated February 17, 2006, as granted that branch of the plaintiffs' motion which was for leave to enter a judgment against it on the issue of liability upon its default in appearing or answering the complaint.

Ordered that the order dated December 3, 2008, is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (1) to vacate its default in appearing or answering the complaint, since the appellant failed to demonstrate a reasonable excuse for its three-year delay in appearing (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *Canty v Gregory*, 37 AD3d 508 [2007]). The appellant's mere denial of

receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service upon the Secretary of State, and the appellant did not contend that the address on file with the Secretary of State was incorrect (*see* CPLR 311 [a] [1]; Business Corporation Law § 306; *Coyle v Mayer Realty Corp.*, 54 AD3d 713 [2008]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]). Furthermore, the appellant's insurance carrier's lengthy delay before defending the action, without more, was insufficient to establish a reasonable excuse for the default (*see Leifer v Pilgreen Corp.*, 62 AD3d at 760; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786, 787 [2008]; *Segovia v Delcon Constr. Corp.*, 43 AD3d at 1144; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]).

Similarly, that branch of the appellant's motion which was pursuant to CPLR 317 to vacate its default was properly denied, since the appellant failed to demonstrate that it did not receive notice of the action in time to defend (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141; *SFR Funding, Inc. v Studio Fifty Corp.*, 36 AD3d 604, 605 [2007]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d 516 [2005]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.