■ IVAN ASSAEL, Appellant, v 15 BROAD STREET, LLC, Respondent. [896 NYS2d 459]—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Miller, J.), dated December 4, 2008, which granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate a judgment dated May 19, 2008, entered upon an order dated February 4, 2008, granting the plaintiff's unopposed motion for leave to enter judgment on the issue of liability upon the defendant's default in appearing or answering, and after an inquest on the issue of damages, in favor of the plaintiff and against the defendant in the principal sum of $175,000, and (2), as limited by his brief, from so much of an order of the same court dated December 22, 2008, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 4, 2008, is dismissed, as that order was superseded by the order dated December 22, 2008, made upon reargument; and it is further,

Ordered that the order dated December 22, 2008, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, upon reargument, the order dated December 4, 2008, is vacated, and the defendant's motion to vacate the judgment is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *Canty v Gregory*, 37 AD3d 508 [2007]). The defendant failed to proffer any excuse for its default in appearing or answering the complaint. Furthermore, the defendant's explanations for failing to oppose the plaintiff's motion for leave to enter a default judgment were not reasonable (*see Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Toland v Young*, 60 AD3d 754, 755 [2009]; *Segovia v Delcon Constr. Corp.*, 43 AD3d at 1144; *Canty v Gregory*, 37 AD3d at 509). Accordingly, the defendant's motion to vacate the default judgment should have been denied. In view of the absence of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a meritorious defense (*see Segovia v Delcon Constr. Corp.*, 43 AD3d at 1144; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]; *American Shoring, Inc. v D.C.A. Constr., Ltd.*, 15 AD3d 431 [2005]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.