*1000 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated October 20, 2009, which granted the defendant’s motion to vacate an order of the same court dated May 14, 2009, granting the plaintiffs unopposed motion for leave to enter a judgment against her upon her failure to appear or answer and setting the matter down for an inquest on the issue of damages.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant’s motion to vacate the order dated May 14, 2009, is denied.
A defendant seeking to vacate an order or judgment entered upon his or her default in appearing and answering the complaint “must demonstrate a reasonable excuse for [his or her] delay in appearing and answering the complaint and a potentially meritorious defense to the action” (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; see CPLR 5015 [a] [1]; Gray v B. R. Trucking Co., 59 NY2d 649, 650 [1983]; Li Gang Ma v Hong GuangHu, 54 AD3d 312 [2008]; Verde Elec. Corp. v Federal Ins. Co., 50 AD3d 672 [2008]; Cooney v Cambridge Mgt. & Realty Corp., 35 AD3d 522 [2006]). The defendant’s excuses that her insurer denied and disclaimed coverage and that she could not initially afford an attorney were insufficient to excuse her lengthy delay in appearing (see Matter of Nieto, 70 AD3d 831 [2010]; Toland v Young, 60 AD3d 754 [2009]; Robinson v 1068 Flatbush Realty, Inc., 10 AD3d 716, 717 [2004]; Rottenberg v Lerner, 232 AD2d 395 [1996]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Toland v Young, 60 AD3d 754 [2009]; Levi v Levi, 46 AD3d 519, 520 [2007]; Segovia v Deleon Constr. Corp., 43 AD3d 1143, 1144 [2007]). Accordingly, the defendant’s motion should have been denied. Skelos, J.P., Santucci, Angiolillo and Hall, JJ., concur.