■ FRANCES MAIDA, Respondent, v LESSING'S RESTAURANT SERVICES, INC., et al., Appellants. [915 NYS2d 316]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 21, 2010, which denied the motion of the defendant Lessing's Restaurant Services, Inc., to vacate a prior order of the same court dated November 24, 2008, granting the plaintiff's unopposed motion for leave to enter a judgment against that defendant upon its failure to appear or answer the complaint.

Ordered that the appeal by the defendant Lessing's, Inc., is dismissed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Lessing's Restaurant Services, Inc.

To vacate the order entered upon its default in opposing the motion for leave to enter a default judgment, the defendant Lessing's Restaurant Services, Inc. (hereinafter the appellant), was required to demonstrate, inter alia, a reasonable excuse for its default in appearing or answering the complaint and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Abdul v Hirschfield*, 71 AD3d 707 [2010]; *Bekker v Fleischman*, 35 AD3d 334 [2006]; *Epps v LaSalle Bus*, 271 AD2d 400 [2000]). In support of its motion, which was not made until nine months after the order granting the plaintiff's motion for leave to enter a default judgment, the appellant did not offer a reasonable excuse for its failure to appear or answer the complaint (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *Kramer v Oil Servs., Inc.*, 65 AD3d 523, 524 [2009]; *Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786, 787 [2008]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]). Accordingly, it is unnecessary to consider whether the appellant sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Abdul v Hirschfield*, 71 AD3d at 709; *Segovia v Delcon Constr. Corp.*, 43 AD3d at 1144; *American Shoring, Inc. v D.C.A. Constr., Ltd.*, 15 AD3d 431 [2005]). In addition, contrary to the appellant's contention, the plaintiff's submissions in support of her motion for leave to enter a default judgment were sufficient. The verified complaint and the plaintiff's affidavit set forth sufficient facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Neuman v Zurich N. Am.*, 36 AD3d 601, 602 [2007]). Accordingly, the Supreme Court

providently exercised its discretion in denying the appellant's motion to vacate the order dated November 24, 2008.

The appeal by the defendant Lessing's Inc., must be dismissed as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511), and, in any event, the appeal has been abandoned (*see* 22 NYCRR 670.8 [e]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.