■ Vanessa Arias, Appellant, v First Presbyterian Church in Jamaica, Respondent, et al., Defendant. [957 NYS2d 121]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered April 3, 2012, as granted that branch of the motion of the de-

fendant First Presbyterian Church in Jamaica which was, in effect, to vacate its default in appearing or answering and for leave to serve a late answer, and thereupon vacated the determination in its prior order dated February 6, 2012, granting that branch of the plaintiff's motion which was for leave to enter judgment on the issue of liability against the defendant First Presbyterian Church in Jamaica and setting the matter down for an inquest on the issue of damages at the time of trial.

Ordered that the order entered April 3, 2012, is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant First Presbyterian Church in Jamaica which was, in effect, to vacate its default in appearing or answering and for leave to serve a late answer is denied, and the determination in the order dated February 6, 2012, is reinstated.

A defendant seeking to vacate a default in appearing or answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Ramirez v Islandia Exec. Plaza, LLC, 92 AD3d 747, 748 [2012]; Cooney v Cambridge Mgt. & Realty Corp., 35 AD3d 522 [2006]; Ubaydov v Kenny's Fleet Maintenance, Inc., 31 AD3d 536 [2006]; Harcztark v Drive Variety, Inc., 21 AD3d 876 [2005]). Here, the respondent failed to proffer any excuse for its default in appearing or answering and failed to demonstrate a reasonable excuse for its lengthy delay in moving, inter alia, in effect, to vacate its default (see Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041, 1042 [2011]; Bethune v Prioleau, 82 AD3d 810, 810-811 [2011]; Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 823 [2010]). In view of the absence of a reasonable excuse, it is unnecessary to consider whether the respondent demonstrated a potentially meritorious defense to the action (see Assael v 15 Broad St., LLC, 71 AD3d 802, 803 [2010]; Segovia v Delcon Constr. Corp., 43 AD3d 1143, 1144 [2007]; Mjahdi v Maguire, 21 AD3d 1067, 1068 [2005]). Accordingly, that branch of the respondent's motion which was, in effect, to vacate its default in appearing or answering and for leave to serve a late answer should have been denied. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.