Luis L. Flores, Respondent,
against
Fausto Mendoza, Appellant.




Lizarraga Law Firm, PLLC (William R. Lizarraga, LLM, LLMT), for appellant.
Luis L. Flores, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), dated April 5, 2016. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims breach of contract action to recover the principal sum of $3,000. The small claims index card indicates that a notice of the small claims action was sent to defendant on April 22, 2015 and was not returned to the court as undeliverable. The notice included the information that a trial date had been set for December 10, 2015. Defendant failed to appear on the trial date, and a default judgment was entered in plaintiff's favor. Defendant subsequently moved to vacate the default judgment, which motion was denied by order dated April 5, 2016.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has ... been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). We find that the Civil Court properly denied defendant's motion to vacate the default judgment.
In an affidavit in support of the motion, defendant stated that he had not been aware of the action until he had gone to his business, which is where the notice of the small claims action had been mailed, on February 29, 2016, on which date he received the mail which had accumulated there from November 2015 to February 2016. He had not been at his place of business during this four-month time period because he had been ill. Since the notice was mailed to defendant on April 22, 2015, defendant failed to address why he had not received the notice of the small claims action as well as its scheduled December 10, 2015 trial date prior to November 2015. Moreover, defendant provided no evidence, documentary or otherwise, to show that he had, in fact, been incapacitated on December 10, 2015. Inasmuch as defendant failed to provide [*2]a reasonable excuse for his failure to appear or answer, this court need not consider whether defendant demonstrated a meritorious defense to the action (see CPLR 5015 [a] [1]; HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 567 [2011]; Levi v Levi, 46 AD3d 519 [2007]).
Accordingly, the order is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017