Matter of Hamilton Equity Group, LLC v Southern Wellcare Med., P.C. (2018 NY Slip Op 00766)





Matter of Hamilton Equity Group, LLC v Southern Wellcare Med., P.C.


2018 NY Slip Op 00766


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1513 CA 17-00786

[*1]IN THE MATTER OF HAMILTON EQUITY GROUP, LLC, AS ASSIGNEE OF HSBC BANK USA, NATIONAL ASSOCIATION, PETITIONER-RESPONDENT,
v
SOUTHERN WELLCARE MEDICAL, P.C., RESPONDENT-APPELLANT. 






GILL & KADOCHNIKOV, P.C., KEW GARDENS (NAVPREET K. GILL OF COUNSEL), FOR RESPONDENT-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KYLE C. DIDONE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered June 8, 2016. The amended order denied respondent's motion to vacate the order of default entered in this matter in May 2014 in favor of petitioner. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner obtained a default judgment in August 2012 in Supreme Court against, inter alia, Dr. Svetlana Khandros (hereafter, 2012 judgment). After failing to receive any payment on the 2012 judgment, petitioner served an income execution to the Sheriff of the City of New York on respondent, Southern Wellcare Medical, P.C. (Southern), of which Khandros is sole shareholder. Upon Southern's failure to pay the required installments, petitioner commenced the instant action against Southern to enforce the income execution. Southern failed to appear and, as a result, the court entered an order of default in May 2014 in favor of petitioner for the full amount of the 2012 judgment. Almost two years later, in March 2016, Southern moved to vacate the default pursuant to CPLR 5015 (a) (1), alleging that the default was excusable and that it had a meritorious defense. The court denied the motion. We affirm.
As an initial matter, we reject petitioner's contention that Southern may not raise on appeal its alternative claim that it is entitled to vacatur of the default based on CPLR 317. Although Southern's motion invokes only CPLR 5015 as a basis for relief, it is well settled that the court had the discretion to treat the motion "as having been made as well pursuant to CPLR 317" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142-143 [1986]). We nevertheless conclude, contrary to Southern's contention, that Southern failed to establish that it did not receive actual notice of the proceeding against it. Here, the process server's affidavit constituted prima facie evidence of proper service on the Secretary of State, and Southern failed to rebut the presumption of proper service (see Business Corporation Law § 306 [b] [1]; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 631-632 [2d Dept 2010]). Khandros's self-serving affidavit, which merely denied receipt, is insufficient to rebut the presumption (see Gartner, 71 AD3d at 631-632; see also Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2d Dept 2012]).
We further conclude that the court properly denied relief pursuant to CPLR 5015 (a) (1) inasmuch as Southern failed to establish a reasonable excuse for its default based on the same claim of lack of actual notice (see generally Matter of County of Livingston [Mort], 101 AD3d 1755, 1755 [4th Dept 2012], lv denied 20 NY3d 862 [2013]).
In light of our determination herein, we do not reach Southern's remaining contention.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court