Tuesdai Family Irrevocable Living Trust v Denver (2025 NY Slip Op 50846(U))

[*1]

Tuesdai Family Irrevocable Living Trust v Denver

2025 NY Slip Op 50846(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-981 K C

Tuesdai Family Irrevocable Living Trust By Aldric Freeman, Trustee, Appellant,
against
Pete John Denver, Jr. and Osy Kokelu Brian, Respondents, "John" "Doe" and "Jane" "Doe", Undertenants. 

Aldric Freeman, for appellant.
Pete John Denver, Jr. and Osy Kokelu Brian, respondents pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Tashanna Golden, J.), dated July 8, 2024. The order granted respondent Osy Kokelu Brian's motion to vacate a final judgment entered upon respondents' failure to appear or answer the petition, sua sponte dismissed the petition, and implicitly denied landlord's cross-motion for sanctions in a nonpayment summary proceeding.

ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order which, sua sponte, dismissed the petition is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is modified by vacating so much thereof as granted Osy Kokelu Brian's motion to vacate the default final judgment and, sua sponte, dismissed the petition, and by denying the motion; as so modified, the order is affirmed, without costs.
Landlord commenced this nonpayment proceeding to recover possession of the subject apartment due to respondents' failure to pay $36,000 in arrears. Insofar as is relevant to this appeal, the affidavit of service alleged that Osy Kokelu Brian was personally served with the notice of petition and petition on March 4, 2024. A final judgment was entered on May 15, 2024 awarding landlord possession and the sum of $36,000 upon both named respondents' failure to appear or answer the petition. Landlord appeals from an order of the Civil Court (Tashanna [*2]Golden, J.) dated July 8, 2024 which granted Brian's motion to vacate the final judgment, sua sponte dismissed the petition, and denied landlord's cross-motion for sanctions. While the court rejected Brian's allegation that he was not served with the notice of petition and petition, and his request for a traverse hearing, noting that Brian's statements did not rebut the allegations of personal service in the process server's affidavit, the court nevertheless vacated the default final judgment and, sua sponte, dismissed the petition based upon a review of the merits.
Having rejected defendant's jurisdictional claim of lack of service, the court vacated the default final judgment based on its finding of a meritorious defense without first finding a requisite reasonable excuse for the default (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843, 925 [2011]). Such vacatur was an improvident exercise of discretion (see Lambert v Schreiber, 69 AD3d 904 [2010]; Ayiku v Viteritti, 54 AD3d 789 [2008]). In view of the foregoing, the sua sponte dismissal of the petition is vacated and the default final judgment is reinstated.
Upon a review of the record, we leave undisturbed the implicit denial of landlord's cross-motion seeking the imposition of sanctions (see Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1).
Accordingly, the order is modified by vacating so much thereof as granted Brian's motion to vacate the default final judgment and, sua sponte, dismissed the petition, and by denying the motion.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025