Munro v Christsouljah, Inc.

2026 NY Slip Op 02990

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lynn Munro, appellant,

v

Christsouljah, Inc., et al., defendants, Bush Truck Leasing, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-10695, (Index No. 510402/22)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Koenigsberg & Associates, P.C. (Paul D. Koenigsberg and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.

Callahan & Fusco, LLC, New York, NY (Eileen Kaplan of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saul Stein, J.), dated July 16, 2024. The order granted those branches of the motion of the defendant Bush Truck Leasing, Inc., which were pursuant to CPLR 317 and 5015 to vacate an order of the same court (Sharon A. Bourne-Clarke, J.) dated June 6, 2023, granting the plaintiff's motion, among other things, for leave to enter a default judgment against the defendant Bush Truck Leasing, Inc.

ORDERED that the order dated July 16, 2024, is reversed, on the law, with costs, and those branches of the motion of the defendant Bush Truck Leasing, Inc., which were pursuant to CPLR 317 and 5015 to vacate the order dated June 6, 2023, are denied.

In April 2022, the plaintiff commenced this action, inter alia, to recover damages for personal injuries against the defendant Bush Truck Leasing, Inc. (hereinafter Bush Truck), among others. Bush Truck was served with a supplemental summons and amended complaint via the Secretary of State. Subsequently, the plaintiff moved, among other things, for leave to enter a default judgment against Bush Truck based on its failure to appear or answer the complaint. In an order dated June 6, 2023, the Supreme Court granted the plaintiff's motion (hereinafter the June 2023 order).

In June 2024, Bush Truck moved, inter alia, pursuant to CPLR 317 and 5015 to vacate the June 2023 order. The plaintiff opposed the motion. In an order dated July 16, 2024, the Supreme Court granted those branches of Bush Truck's motion. The plaintiff appeals.

"To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a potentially meritorious defense" (Joseph v 5 Jag, LLC, 239 AD3d 626, 626-627; see Almonte v Soldati Realty, Inc., 231 AD3d 1103, 1104). "Although service on a corporation through delivery of process to the Secretary of State is not personal delivery to the corporation or to an agent designated under CPLR 318, the corporation still must establish that it did not actually receive notice of the action in time to defend in order to avail itself of the relief afforded by CPLR 317" (Matter of Rockland Bakery, Inc. v B.M. [*2]Baking Co., Inc., 83 AD3d 1080, 1081 [internal quotation marks omitted]; see Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998). Here, the submissions in support of Bush Truck's motion were insufficient to demonstrate that it did not receive actual notice of the supplemental summons and amended complaint in time to defend the action (see Chondrite Asset Trust v 34 Dr. Corp., 240 AD3d 657, 658; Grant v City of Mount Vernon, 238 AD3d 1115, 1116). Accordingly, the Supreme Court should have denied that branch of Bush Truck's motion which was pursuant to CPLR 317 to vacate the June 2023 order.

"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (78-19 Jamaica Ave., LLC v Burgos, 239 AD3d 924, 925 [internal quotation marks omitted]; see Rivas v Palacios, 238 AD3d 1186, 1187). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the motion court, a conclusory, undetailed, and unsubstantiated claim of law office failure or mere neglect does not amount to a reasonable excuse" (Rivas v Palacios, 238 AD3d at 1187 [alteration, citation, and internal quotation marks omitted]; see 78-19 Jamaica Ave., LLC v Burgos, 239 AD3d at 925). Further, a defendant's excuse that his or her insurance carrier failed to provide a defense is insufficient to excuse his or her default in serving a timely answer (see O'Donnell v Frangakis, 76 AD3d 999, 1000; Toland v Young, 60 AD3d 754, 755).

Here, contrary to the determination of the Supreme Court, Bush Truck's vague claim of law office failure did not constitute a reasonable excuse for its failure to answer or appear (see Rivas v Palacios, 238 AD3d at 1187). The affirmation by counsel submitted in support of Bush Truck's motion was devoid of details or explanation as to, inter alia, when the matter was transferred to a new attorney and why the relevant documents pertaining to the matter were not discovered earlier. Bush Truck also did not submit an affirmation from the prior attorney. Therefore, Bush Truck failed to establish a reasonable excuse due to law office failure (see id.; Ross v Emefieh, 227 AD3d 739, 740). Moreover, its contention, in effect, relating to insurance delay is insufficient to excuse its default in serving a timely answer (see O'Donnell v Frangakis, 76 AD3d at 1000; Toland v Young, 60 AD3d at 755).

In light of our determination, it is unnecessary to determine whether Bush Truck demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Chondrite Asset Trust v 34 Dr. Corp., 240 AD3d at 659).

Bush Truck also failed to establish that the interest of substantial justice would be served by vacating the June 2023 order. "CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Spota v Cicerone, 229 AD3d 655, 656 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "Nevertheless, a court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" (Spota v Cicerone, 229 AD3d at 656 [alterations and internal quotation marks omitted]).

Here, Bush Truck failed to provide any evidence that the June 2023 order was the result of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see id.; Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876). Moreover, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Spota v Cicerone, 229 AD3d at 656 [internal quotation marks omitted]).

Accordingly, the Supreme Court should have denied those branches of Bush Truck's motion which were pursuant to CPLR 317 and 5015 to vacate the June 2023 order.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court