■ MARIE CAMY FELIX, Appellant, v COUNTY OF NASSAU et al., Defendants, and SPRIKLER MAN, INC., Respondent. [860 NYS2d 196]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered June 14, 2007, which denied her motion to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

The certification order dated January 4, 2006, directing the plaintiff to file a note of issue within 90 days, and warning that the action would be deemed dismissed without further order of the court if the plaintiff failed to comply with this directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783 [2008]; Louis v MTA Long Is. Bus Co., 44 AD3d 628 [2007]; C&S Realty, Inc. v Soloff, 22 AD3d 515 [2005]). Although the certification order was not signed by the plaintiff's attorney, the record demonstrates that the plaintiff's attorney was present at the certification conference and received a copy of the order. Having, in effect, received a 90-day notice (see C&S Realty, Inc. v Soloff, 22 AD3d 515 [2005]; Bokhari v Home Depot U.S.A., 4 AD3d 381 [2004]), the plaintiff was required to timely file a note of issue or move, before the default date, to vacate the no-

tice or to extend the 90-day period (*see Balancio v American Opt. Corp.,* 66 NY2d 750, 751 [1985]; *Fraga v Smithaven Open MRI,* 6 AD3d 494 [2004]). The plaintiff failed to do so, and the action was dismissed pursuant to CPLR 3216.

In order to vacate the dismissal of the action and restore it to the trial calendar, the plaintiff was required to establish a reasonable excuse for her failure to properly respond to the 90-day notice, and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Myers v Polytechnic Preparatory Country Day School,* 50 AD3d 868 [2008]; *Lugauer v Forest City Ratner Co.,* 44 AD3d 829 [2007]; *Serby v Long Is. Jewish Med. Ctr.,* 34 AD3d 441 [2006]). The plaintiff did not satisfy either requirement. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the dismissal of the action and to restore it to the trial calendar. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.