OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved, pursuant to CPLR 3216, to dismiss the complaint based upon plaintiffs failure to prosecute the action. Plaintiff opposed the motion, contending that defendant’s 90-day demand was defective and therefore a nullity because it did not contain “a caption setting forth the name of the court, the venue . . . and the index number of the action” (CPLR 2101 [c]). The court below granted the motion to dismiss, and this appeal by plaintiff ensued.
Once a 90-day demand is received by a plaintiff, the plaintiff must either comply with the demand by filing a note of issue or a notice of trial within 90 days (CPLR 3216 [c]), or must move before the default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13 AD3d 343 [2004]; Rubin v Baglio, 234 AD2d 534 [1996]). Since plaintiff failed to do either of these, it was required, in opposition to the motion to dismiss, to establish a justifiable excuse for its delay in properly responding to the 90-day demand and the existence of a meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Felix, 52 AD3d 653; Taylor v Gari, 287 AD2d 557 [2001]).
Plaintiff argues that the absence of a caption setting forth the name of the court, the venue and the index number in the 90-day demand rendered it a nullity, as it was not in compliance with CPLR 2101 (c). However, the demand set forth the name of the case, including the name of the assignor, as well as the date of the loss. Consequently, in our opinion, the omissions were merely defects in form to which plaintiffs counsel could have objected by returning the demand to defendant within two days of its receipt, specifying the nature of the defect (CPLR 2101 [f]). Plaintiffs failure to do so waived any objection to the defect (see Deygoo v Eastern Abstract Corp., 204 AD2d 596 [1994]). In addition to its failure to offer any reasonable excuse *45 for the delay, plaintiff also failed to show that it had a meritorious cause of action. Accordingly, the judgment dismissing the complaint is affirmed.
Pesce, EJ., Weston Patterson and Golia, JJ., concur.