Midwood Total Rehab, P.C., as Assignee of Dena Bellamy, Respondent, 
against
GEICO Insurance Company, Appellant.




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Russell, Friedman & Associates (Dara C. Goodman of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy, J.), dated July 12, 2017. The order denied defendant's motion to dismiss the complaint pursuant to CPLR 3216.




ORDERED that the order is reversed, with $30 costs, and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
Plaintiff commenced this action by an attorney-verified complaint to recover assigned first-party no-fault benefits in March 2011. Defendant interposed an answer on June 23, 2011. On December 1, 2016, defendant served a 90-day written demand pursuant to CPLR 3216 (b) (3). On May 3, 2017, defendant moved pursuant to CPLR 3216 to dismiss the complaint as it had not been served with a notice of trial. On May 5, 2017, plaintiff served defendant with a notice of trial. Plaintiff's counsel's affirmation in opposition to defendant's motion stated that the "delay in responding to [defendant's] 90-day notice was neither willful nor contumacious, and does not evidence an intent to abandon the action." By order dated July 12, 2017, the District Court denied the motion. 
Once a 90-day demand is served upon a plaintiff, the plaintiff must either comply with the demand by filing a notice of trial within 90 days (see CPLR 3216 [c]), or move before the default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med., P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Since plaintiff failed to do any of these, it was required, in opposition to defendant's motion to dismiss, to establish both a justifiable excuse for its delay in properly responding to the 90-day demand and the existence of a meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Felix, 52 AD3d 653; A.M. Med., P.C., 22 Misc 3d 43). Here, plaintiff's bare statement in its attorney's affirmation, after a two-month delay in responding to defendant's 90-day notice, that its "delay in responding to [defendant's] 90-day notice was neither willful nor contumacious, and does not evidence an intent to abandon the action," failed to establish a justifiable excuse for its delay. Additionally, plaintiff's attorney asserted no meritorious cause of action.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2018