Schottenstein Pain & Neuro, PLLC, as Assignee of Bamidele Adebisi, Respondent,
against
GEICO Insurance Company, Appellant.




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Russell Friedman & Associates, LLP (Dara C. Goodman of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy, J.), dated April 25, 2017. The order denied defendant's motion to dismiss the complaint pursuant to CPLR 3216.




ORDERED that the order is reversed, with $30 costs, and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
In April 2011, plaintiff commenced this action, by an attorney-verified complaint, to recover assigned first-party no-fault benefits. Defendant interposed an answer in May 2011. Over five years later, in November 2016, defendant served a 90-day written demand pursuant to CPLR 3216 (b) (3), which was received by plaintiff on November 22, 2016. On March 22, 2017, defendant moved to dismiss the complaint, pursuant to CPLR 3216, as defendant had not been served with a notice of trial. On March 29, 2017, plaintiff served defendant with a notice of trial. Plaintiff's counsel's affirmation in opposition to defendant's motion stated that plaintiff's "delay in responding to [defendant's] 90-day notice was neither willful nor contumacious, and does not evidence an intent to abandon the action." By order dated April 25, 2017, the District Court denied the motion. 
Once a 90-day demand is served upon a plaintiff, the plaintiff must either comply with the demand by filing a notice of trial within 90 days (see CPLR 3216 [c]), or move, before the default date, either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med., P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Since plaintiff failed to do any of these, it was required, in opposition to defendant's motion to dismiss, to establish both a justifiable excuse for its delay in properly responding to the 90-day demand and the existence of a meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Felix, 52 AD3d 653; A.M. Med., P.C., 22 Misc 3d 43). Here, "plaintiff's bare statement in its attorney's affirmation, after a [37-day] delay in responding to defendant's 90-day notice, that its 'delay in responding to [defendant's] 90-day notice was neither willful nor contumacious, and does not evidence an intent to abandon the action,' failed to establish a justifiable excuse for its delay" (Midwood Total Rehab, P.C. v GEICO Ins. Co., 59 Misc 3d 146[A], 2018 NY Slip Op 50763[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
Accordingly, the order is reversed and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 17, 2019