Pro Health Acupuncture, P.C., as Assignee of Anthony Johnson, Respondent, 
against
GEICO Insurance, Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Zachary Whiting of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Mary V. Rosado, J.), entered February 10, 2017. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint pursuant to CPLR 3216.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
Plaintiff commenced this action to recover assigned first-party no-fault benefits on May 10, 2011. Defendant interposed an answer on June 29, 2011. Defendant served plaintiff's attorney with a 90-day written demand pursuant to CPLR 3216 (b) (3), which was received on October 5, 2015. By notice of motion dated March 16, 2016, defendant moved, pursuant to CPLR 3216, to dismiss the complaint, alleging that plaintiff had not filed a notice of trial or otherwise responded to the 90-day demand. Plaintiff served a notice of trial on November 4, 2016 and served opposition to defendant's motion on November 22, 2016, but did not seek to explain its delay in responding to the 90-day demand or set forth a meritorious cause of action until it served a sur-reply on February 6, 2017, four days before the motion was scheduled for oral argument. Defendant appeals from so much of an order of the Civil Court as denied its motion to dismiss.
Once a 90-day demand is served upon a plaintiff, the plaintiff must either comply with the demand by filing a notice of trial within 90 days (see CPLR 3216 [c]), or move before the default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med., P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App Term, 2d Dept, 2d [*2]& 11th Jud Dists 2008]). Since plaintiff failed to do any of these, it was required, in opposition to defendant's motion to dismiss, to establish both a justifiable excuse for its delay in properly responding to the 90-day demand and the existence of a meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Felix, 52 AD3d 653; A.M. Med., P.C., 22 Misc 3d 43). Plaintiff sought to make the required showing for the first time in sur-reply papers, which the Civil Court should not have considered (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983 [2015]; Flores v Stankiewicz, 35 AD3d 804 [2006]). Consequently, defendant's motion should have been granted.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019