Faith Acupuncture, P.C., as Assignee of Darlene Davis, Respondent, 
against
Government Employees Insurance Co., Appellant.




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Mary V. Rosado, J.), dated February 7, 2017. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint pursuant to CPLR 3216.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
Plaintiff commenced this action to recover assigned first-party no-fault benefits on May 10, 2011. Defendant interposed an answer on June 29, 2011. On August 6, 2015, defendant served plaintiff's attorney with a 90-day written demand pursuant to CPLR 3216 (b) (3), which was received on August 10, 2015. By notice of motion dated March 11, 2016, defendant moved, pursuant to CPLR 3216, to dismiss the complaint on the ground that defendant had not been served with a notice of trial. In opposition to the motion, plaintiff stated that it had filed a notice of trial on November 23, 2016. It further argued that law office failure was the reason for the delay and that it had a meritorious cause of action. By order dated February 7, 2017, insofar as is relevant to this appeal, the Civil Court denied defendant's motion, finding that plaintiff had established a "reasonable excuse" for its delay and a meritorious "defense" [sic].
Upon receiving a 90-day demand, a plaintiff must either comply with the demand by filing a notice of trial within 90 days thereafter (see CPLR 3216 [b] [3]; [c]) or move before the default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med., P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, since plaintiff filed a notice of trial more than 90 days after its receipt of the 90-day demand and had not moved prior thereto to vacate the demand or to extend the 90-day period, it was required, in opposition to defendant's motion to dismiss, to establish both a justifiable excuse for its delay and the existence of a meritorious cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Felix, 52 AD3d 653; A.M. Med., P.C., 22 Misc 3d 43). While a court, in its discretion, may accept a claim of law office failure as an excuse (see CPLR 2005), here, the affirmation submitted by plaintiff's attorney in opposition to defendant's motion did not provide a detailed and credible explanation of the law office failure that had caused the delay (see Premier Surgical Servs., P.C. v Allstate Ins. Co., 58 Misc 3d 160[A], 2018 NY Slip Op 50273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Bayshore Chiropractic, P.C. v Allstate Ins. Co., 56 Misc 3d 141[A], 2017 NY Slip Op 51121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Comeau v McClacken, 5 Misc 3d 134[A], 2004 NY Slip Op 51455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Consequently, plaintiff's claim of law office failure did not rise to the level of a justifiable excuse. In view of the foregoing, it is unnecessary to consider whether plaintiff demonstrated the existence of a meritorious cause of action (see generally Levi v Levi, 46 AD3d 519 [2007]; Premier Surgical Servs., P.C., 58 Misc 3d 160[A], 2018 NY Slip Op 50273[U]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
WESTON, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019