Diagnostic Radiographic Imaging, P.C., as Assignee of Bonita Brown, Appellant,
against
GEICO Ins. Co., Respondent. 




Zara Javakov, P.C. (Zara Javakov of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 2, 2017. The order granted defendant's motion to dismiss the complaint pursuant to CPLR 3216.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits in 2010. Over five years later, in August 2016, defendant served a 90-day written demand pursuant to CPLR 3216 (b) (3). On or about December 16, 2016, defendant moved to dismiss the complaint, pursuant to CPLR 3216, as defendant had not been served with a notice of trial.
Once a 90-day demand is received by a plaintiff in a Civil Court action, the plaintiff must either comply with the demand by filing a notice of trial within 90 days (see CPLR 3216 [c]), or move before the default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; South Nassau Orthopedic Surgery & Sports Medicine, P.C. v Geico Ins. Co., 47 Misc 3d 142[A], 2015 NY Slip Op 50674[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Since plaintiff failed to do either of these, it was required, in opposition to defendant's motion to dismiss, to establish a [*2]justifiable excuse for its delay in properly responding to the 90-day demand, and the existence of a meritorious cause of action (see Felix, 52 AD3d 653; South Nassau Orthopedic Surgery & Sports Medicine, P.C., 47 Misc 3d 142[A], 2015 NY Slip Op 50674[U]).
Defendant's motion was properly granted as, "in opposition to defendant's motion to dismiss the complaint, plaintiff made no attempt to demonstrate the existence of an excuse, justifiable or otherwise, for plaintiff's failure to comply with the 90-day notice" (South Nassau Orthopedic Surgery & Sports Medicine, P.C., 47 Misc 3d 142[A], 2015 NY Slip Op 50674[U], *1; see also Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Schottenstein Pain & Neuro, PLLC v GEICO Ins. Co., 62 Misc 3d 141[A], 2019 NY Slip Op 50085[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). 
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 08, 2019