Silver Acupuncture, P.C. v GEICO Indem. Co. (2020 NY Slip Op 51134(U))

[*1]

Silver Acupuncture, P.C. v GEICO Indem. Co.

2020 NY Slip Op 51134(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-78 K C

Silver Acupuncture, P.C., as Assignee of
Tamara Murray, Appellant, 
against
GEICO Indemnity Company, Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna
McAllister, J.) entered September 20, 2018. The order granted defendant's motion to dismiss the
complaint pursuant to CPLR 3216.

ORDERED that the order is affirmed, with $25 costs.
In February 2013, plaintiff commenced this action to recover assigned first-party no-fault
benefits. Defendant interposed an answer on April 16, 2013. In October 2017, defendant moved
pursuant to CPLR 3216 to dismiss the complaint on the ground that defendant had not been
served with a notice of trial within 90 days of defendant's service upon plaintiff, on March 27,
2017, of a 90-day demand. In opposition to the motion, plaintiff's counsel stated that a notice of
trial had been filed on July 20, 2018. Plaintiff argued that law office failure was the reason for the
delay and that it had a meritorious cause of action. By order entered September 20, 2018, the
Civil Court granted defendant's motion to dismiss the complaint.
Upon receiving a 90-day demand, a plaintiff must either comply with the demand by filing a
notice of trial within 90 days thereafter (see CPLR 3216 [b] [3]; [c]), or move before the
default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004
(see Felix v County of Nassau, 52
AD3d 653 [2008]; Katina, Inc. v
Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med. P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App
Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, since plaintiff filed a notice of trial more
than 90 days after its receipt of the 90-day demand and had not moved prior thereto to vacate the
demand or to extend the 90-day period, it was required, in opposition to defendant's motion to
dismiss, to establish both a justifiable excuse for its delay and the existence of a meritorious
cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d
499 [1997]; Felix, 52 AD3d 653; A.M. Med. P.C., 22 Misc 3d 43). While a court,
in its discretion, may accept a claim of law [*2]office failure as an
excuse (see CPLR 2005), here, the affirmation submitted by plaintiff's attorney in
opposition to defendant's motion did not provide a credible explanation of the law office failure
that had caused the delay (see Premier
Surgical Servs., P.C. v Allstate Ins. Co., 58 Misc 3d 160[A], 2018 NY Slip Op
50273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Bayshore Chiropractic, P.C. v Allstate Ins.
Co., 56 Misc 3d 141[A], 2017 NY Slip Op 51121[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; Comeau v
McClacken, 5 Misc 3d 134[A], 2004 NY Slip Op 51455[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2004]). Consequently, plaintiff's claim of law office failure did not rise to
the level of a justifiable excuse. In view of the foregoing, it is unnecessary to consider whether
plaintiff demonstrated the existence of a meritorious cause of action (see generally Levi v
Levi, 46 AD3d 519 [2007]; Premier Surgical Servs, P.C., 58 Misc 3d 160[A], 2018
NY Slip Op 50273[U]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020