Monroe v Omni Indem. Co. (2020 NY Slip Op 51505(U))

[*1]

Monroe v Omni Indem. Co.

2020 NY Slip Op 51505(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-2253 K C

Harry Keith Monroe, M.D., as Assignee of
Eimy, Peguero, Appellant, 
against
Omni Indemnity Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered May 23, 2018. The order denied plaintiff's motion for summary judgment
and granted defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which denied plaintiff's motion for summary judgment and
granted defendant's cross motion for summary judgment dismissing the complaint on the ground
that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission,
ab initio, of the automobile insurance policy at issue.
Contrary to plaintiff's first argument, defendant was not required to establish the elements of
a defense that the policy was fraudulently procured since it advanced a separate and distinct
defense—that the policy had been rescinded, in accordance with Pennsylvania law, as a
result of fraudulent procurement (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas.
Co.,36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also Craigg v Infinity Select Ins.
Co., 38 Misc 3d 56 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Plaintiff's other argument with respect to defendant's cross motion—that defendant failed
to establish a standard office practice or procedure designed to ensure that the rescission letter
was mailed (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680
[2001])—is also without [*2]merit.
Accordingly, the order is affirmed. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020