Modern Acupuncture, P.C. v Omni Ins. Co. (2020 NY Slip Op 51506(U))

[*1]

Modern Acupuncture, P.C. v Omni Ins. Co.

2020 NY Slip Op 51506(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-2393 RI C

Modern Acupuncture, P.C., as Assignee of
Vilma Alvarenga, Respondent,
against
Omni Insurance Company, Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
Baker Sanders, LLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Lisa
Grey, J.), entered September 20, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits for injuries the
assignor sustained in a motor vehicle accident in New York on June 5, 2015, defendant moved
for summary judgment dismissing the complaint on the ground that the South Carolina
automobile insurance policy was fraudulently procured by the assignor, who is also the insured,
based on alleged misrepresentations which she had made on her application for insurance. By
order entered September 20, 2018, the Civil Court, applying the substantive law of South
Carolina (see Portfolio Recovery Assoc.,
LLC v King, 14 NY3d 410 [2010]), denied defendant's motion. We note that no issue is
raised on appeal regarding the applicability of South Carolina law.
South Carolina allows an insurance company to rescind an automobile insurance policy ab
initio under certain circumstances (see Strickland v Prudential Ins. Co., 278 SC 82,
86-87, 292 SE2d 301, 304 [1982]). In order for an insurance company to be entitled to summary
judgment dismissing the complaint based on a rescission, ab initio, of the policy issued in a sister
state, the insurance company "has the burden of establishing that it complied with the law of the
[*2]sister state which permits retroactive rescission" (Delta Diagnostic Radiology, P.C. v Infinity
Group, 49 Misc 3d 42, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015];
see Parisien v Omni Indem. Co., 67
Misc 3d 141[A], 2020 NY Slip Op 50725[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]; Craigg v Infinity Select Ins.
Co., 38 Misc 3d 56 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; W.H.O. Acupuncture, P.C. v Infinity Prop.
& Cas. Co., 36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]). Upon a review of the record, we find that the papers defendant submitted in support of its
motion for summary judgment dismissing the complaint failed to establish its prima facie
entitlement to judgment as a matter of law, as it did not show that defendant had complied with
the requirements of South Carolina Code Annotated § 38-75-730 (b).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020