Midland Acupuncture, P.C. v GEICO Ins. Co. (2020 NY Slip Op 51509(U))

[*1]

Midland Acupuncture, P.C. v GEICO Ins. Co.

2020 NY Slip Op 51509(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-966 K C

Midland Acupuncture, P.C., as Assignee of
Osayi Luke, Respondent, 
against
GEICO Insurance Company, Appellant. 

Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered April 3, 2019. The order, insofar as appealed from, denied defendant's
motion to dismiss the complaint pursuant to CPLR 3216

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion to dismiss the complaint pursuant to CPLR 3216 is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
in March 2018 to dismiss the complaint on the ground that defendant had not been served with a
notice of trial within 90 days of defendant's service upon plaintiff's attorney's office manager, on
September 11, 2017, of a 90-day demand (see CPLR 3216). By order entered April 3,
2019, the Civil Court (Odessa Kennedy, J.), among other things, denied defendant's motion,
finding that defendant had not served the 90-day demand in compliance with CPLR 3216 (b)
(3).
The Civil Court should not have denied defendant's motion on the ground that the 90-day
notice was not served in compliance with the statute. Plaintiff did not make that argument in
opposition to defendant's motion, did not dispute receipt of the 90-day demand and did not make
the required showing of prejudice (see Balancio v American Opt. Corp., 66 NY2d 750
[1985]; Michaels v Sunrise Bldg. &
Remodeling, Inc., 65 AD3d 1021 [2009]).
Upon receipt of a 90-day demand, a plaintiff must either comply with the demand by [*2]filing a notice of trial within 90 days thereafter (see CPLR
3216 [b] [3]; [c]) or move before the default date either to vacate the demand or to extend the
90-day period pursuant to CPLR 2004 (see Felix v County of Nassau, 52 AD3d 653 [2008]; Katina, Inc. v Town of Hempstead, 13
AD3d 343 [2004]; A.M. Med., P.C.
v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App Term, 2d Dept, 2d & 11th Jud
Dists 2008]). Here, since plaintiff did not file a notice of trial within 90 days after its receipt of
the 90-day demand and had not moved prior thereto to vacate the demand or to extend the 90-day
period, it was required, in opposition to defendant's motion to dismiss, to establish both a
justifiable excuse for its delay and the existence of a meritorious cause of action (see
CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Lee v Rad, 132 AD3d 643 [2015];
Felix, 52 AD3d 653; A.M. Med., P.C., 22 Misc 3d 43).
While a court, in its discretion, may accept a claim of law office failure as an excuse
(see CPLR 2005), here, the affidavit submitted by plaintiff's attorney's office manager in
opposition to defendant's motion did not provide a detailed and credible explanation of the law
office failure that had caused the delay (see Silver Acupuncture, P.C. v GEICO Indem. Co., 69 Misc 3d
128[A], 2020 NY Slip Op 51134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]; Faith Acupuncture, P.C. v
Government Empls. Ins. Co., 63 Misc 3d 156[A], 2019 NY Slip Op 50829[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Premier Surgical Servs., P.C. v Allstate Ins. Co., 58 Misc 3d
160[A], 2018 NY Slip Op 50273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). The office manager's affidavit set forth her firm's policy to the effect that, upon receipt of
a 90-day demand, the demand is given to a paralegal to enter such receipt in the firm's computer
system. The office manager further stated that, in the instant case, there is no such entry in the
computer system. However, there was no affidavit submitted by the paralegal and no explanation
as to why there was none forthcoming. In any event, the office manager failed to explain what
happened to the 90-day demand or why plaintiff did not respond to it. Consequently, plaintiff's
claim of law office failure did not rise to the level of a justifiable excuse. In view of the
foregoing, it is unnecessary to consider whether plaintiff demonstrated the existence of a
meritorious cause of action (see generally Levi v Levi, 46 AD3d 519 [2007]; Premier
Surgical Servs., P.C., 58 Misc 3d 160[A], 2018 NY Slip Op 50273[U]).
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion to
dismiss the complaint pursuant to CPLR 3216 is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020