Silver Acupuncture, P.C. v GEICO Gen. Ins. Co. (2021 NY Slip Op
50833(U))

[*1]

Silver Acupuncture, P.C. v GEICO Gen. Ins. Co.

2021 NY Slip Op 50833(U) [72 Misc 3d 140(A)]

Decided on August 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1392 K C

Silver Acupuncture, P.C., as Assignee of
Lamecca Anderson, Respondent,
against
GEICO General Ins. Co., Appellant. 

Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
appellant.
Kopelevich & Feldsherova, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered June 26, 2019. The order denied defendant's motion to dismiss the complaint
pursuant to CPLR 3216.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to dismiss the
complaint pursuant to CPLR 3216 is granted.
In August 2013, plaintiff commenced this action to recover assigned first-party no-fault
benefits. Defendant interposed an answer in September 2013. In April 2017, defendant served a
90-day written demand pursuant to CPLR 3216 (b) (3). On July 12, 2018, defendant moved,
pursuant to CPLR 3216, to dismiss the complaint for want of prosecution. In opposition to the
motion, plaintiff's counsel's calendar clerk submitted an affidavit wherein he stated that a notice
of trial had been served upon defendant but it had not been filed with the court due to law office
failure and that plaintiff had a meritorious cause of action. By order entered June 26, 2019, the
Civil Court denied defendant's motion, stating "[d]efendant was free to file the Notice of Trial it
received or to have filed its own Notice of Trial at any juncture in this action."
Upon receiving a 90-day demand, a plaintiff must either comply with the demand by filing a
notice of trial within 90 days thereafter (see CPLR 3216 [b] [3]; [c]), or move before the
default date either to vacate the demand or to extend the 90-day period pursuant to CPLR 2004
(see Felix v County of Nassau, 52
AD3d 653 [2008]; Katina, Inc. v
Town of Hempstead, 13 AD3d 343 [2004]; A.M. Med. P.C. v State Farm Mut. Ins. Co., 22 Misc 3d 43 [App
Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, since plaintiff failed to file a notice of
trial more than 90 days after its receipt of the 90-day demand and had not moved prior thereto to
vacate the demand or to extend the 90-day period, defendant properly moved to dismiss the
complaint. The Civil Court denied defendant's CPLR 3216 motion on the ground that defendant
could have filed its own notice of trial. This was improper because, while any party may file a
notice of trial (see CCA 1301; CPLR 3402 [a]), defendant had no obligation to do so.

The affidavit submitted by plaintiff in opposition to defendant's motion did not provide a
detailed and credible explanation of the law office failure that had caused the attorney's failure to
file the notice of trial (see Premier
Surgical Servs. P.C. v Allstate Ins. Co., 58 Misc 3d 160[A], 2018 NY Slip Op 50273[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Bayshore Chiropractic, P.C. v Allstate Ins. Co., 56 Misc 3d 141[A],
2017 NY Slip Op 51121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Comeau v McClacken, 5 Misc 3d
134[A], 2004 NY Slip Op 51455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
Under the circumstances presented, we find that plaintiff's claim of law office failure (see
CPLR 2005) did not rise to the level of a justifiable excuse (see Sacramone v Tunick, 54
AD2d 897 [1976]; see also Housen v
Boston Mkt. Corp., 166 AD3d 593 [2018]).
In view of the foregoing, it is unnecessary to consider whether plaintiff demonstrated the
existence of a meritorious cause of action (see generally Levi v Levi, 46 AD3d 519
[2007]; Premier Surgical Servs, P.C., 58 Misc 3d 160[A], 2018 NY Slip Op
50273[U]).
Accordingly, the order is reversed and defendant's motion to dismiss the complaint pursuant
to CPLR 3216 is granted.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2021