Wilmington Sav. Fund Socy., FSB v Deutchman (2025 NY Slip Op 50864(U))

[*1]

Wilmington Sav. Fund Socy., FSB v Deutchman

2025 NY Slip Op 50864(U)

Decided on May 29, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 29, 2025
Supreme Court, Westchester County

Wilmington Savings Fund Society, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A, Plaintiff,

against
Jay Deutchman; ELLEN DEUTCHMAN; ARCPE 1 LLC; ALAN BRAND; AMERICAN MARINE TECH INC.; WORKERS COMPENSATION BOARD OF NEW YORK STATE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; AMERICAN EXPRESS NATIONAL BANK; CITIBANK, N.A.; MIDLAND CREDIT MANAGEMENT, INC.; JA FUNDING INC.; "JOHN DOE" AND "JANE DOE" SAID NAMES BEING FICTITIOUS, IT BEING THE INTENTION OF PLAINTIFF TO DESIGNATE ANY AND ALL OCCUPANTS OF PREMISES BEING FORECLOSED HEREIN, Defendants.

Index No. 65512/2023

Attorney for Plaintiff:
Stephen J. Vargas, Esq.
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(212) 471-5100
Attorney for Defendant Alan Brand
Eleni Kakos, Esq. 
Weltz Kakos Gerbi Wolinetz Volynsky LLP
1 Old Country Rd., Suite 275
Carle Place, NY 11514 (212) 202-3177

William J. Giacomo, J.

In a residential foreclosure action, plaintiff moves for an order pursuant to CPLR 3216 dismissing the counterclaim alleged by defendant Alan Brand (hereinafter Brand). 
Papers Considered
Motion Seq. 003 NYSCEF Doc. No. 101-108
1. Notice of Motion/Affirmation in Support of Stephen J. Vargas, Esq.
2. Affirmation in Opposition of Eleni Kakos, Esq./Exhibits A-C
3. Affirmation in Reply of Stephen J. Vargas, Esq.
FACTUAL AND RELEVANT PROCEDURAL BACKGROUND
The Court assumes the familiarity with the record, which has been set forth in this Court's prior decision on the matter. As relevant here, plaintiff commenced this action on or about August 18, 2023 with the filing of the summons and complaint, notice of pendency and certificate of merit. The complaint states that defendants Jay and Ellen Deutchman are the borrowers/mortgagors. The Deutchman defendants joined issue by the filing of their answer on or about September 13, 2023. Defendant Heather Susac, acting pro se, joined issue by the filing of her answer on or about September 18, 2023. Defendant Alan Brand joined issue by the filing of his answer with counterclaims on or about October 30, 2023. 
A mortgage dated May 10, 2006, covering real property located at 4 Hidden Glen Road, Scarsdale, NY 10583 was executed by the Deutchman defendants to secure a note in the amount of $1,120,000 and recorded in the Westchester County Clerk's Office on May 10, 2006. The mortgage was modified by a loan modification agreement executed by defendant on October 14, 2021. The loan modification agreement capitalized all arrears to form a total unpaid principal balance of $1,177,677.85. Ultimately, the mortgage was assigned to plaintiff. Plaintiff was the owner and holder of the subject Note and Mortgage prior to the date of the commencement of this action.
The complaint sets forth that Brand is a named party defendant to this action because he is a subordinate mortgagee by virtue of a mortgage dated January 3, 2017, and recorded on February 2, 2017. Brand is also a subordinate lienor by virtue of a judgment against Jay Deutchman for $1,477,125.50. Susac was a tenant occupying the premises when the action was commenced. 
In response to plaintiff's foreclosure action, Brand asserted a counterclaim requesting a declaratory judgment to determine priority of the liens. The counterclaim alleges that Brand commenced an action in 2016 against Jay Deutchman and others. The matter settled on December 16, 2016. As part of the settlement, Ellen Deutchman agreed to secure a mortgage encumbering the premises. On January 3, 2017, Ellen Deutchman executed a mortgage to Brand in the amount of $600,000 which was recorded on February 2, 2017. The counterclaim states that the Brand mortgage "was expressly intended by the Settlement to be a third position mortgage lien with the first and second mortgages not exceeding $1,100,00.00 including the equity line. Said was also provided for by the Brand Mortgage agreement as well." On December 28, 2021, the Deutchman defendants executed a loan modification in the amount of $1,177,677.85, which surpassed the threshold in the Brand mortgage. The counterclaim alleges, in brief, that plaintiff's modification agreement over the $1,100,000 threshold provided by the Brand mortgage subordinated plaintiff's claim. Brand seeks a declaratory judgment determining the respective rights of the parties. 
In motion sequence 001, plaintiff moved for summary judgment against all defendants and to strike and dismiss the answers of defendants Jay Deutchman, Ellen Deutchman, Alan Brand and Heather Susac, and also moved for an order of reference. Brand did not oppose the motion.
By decision and order dated September 6, 2024, the branches of plaintiff's motion for summary judgment on its foreclosure complaint, for striking/dismissal of the defendants' answers, affirmative defenses and counterclaims, for default judgment against the non-appearing parties, and to amend the caption were granted. The Court also granted the branch of plaintiff's motion to appoint a referee to compute the amount due plaintiff, examine whether the mortgaged property known as 4 Hidden Glen Road, Scarsdale, NY 10583, may be sold in parcels, and make his/her computation and report with all convenient speed pursuant to RPAPL 1321. 
However, the Court denied the branch of plaintiff's motion dismissing Brand's third affirmative defense and first counterclaim. Although plaintiff argued that Brand failed to demonstrate that the modification prejudiced his equity, the Court found that plaintiff failed to address any of the contentions in the counterclaim. Further, although the loan modification is included in the record, plaintiff did not provide any details surrounding the loan modification for the Court to assess if Brand was prejudiced by its modification. As a result, plaintiff failed to meet its burden on the motion for summary judgment, and it was denied, regardless of Brand's failure to oppose. 
Instant Action
As noted, this Court denied the branch of plaintiff's motion seeking to dismiss Brand's counterclaim. On November 1, 2024, plaintiff filed a notice to resume prosecution pursuant to CPLR 3216 and served the notice on Brand by certified mail on the same date. Specifically, the notice demanded that Counterclaim Plaintiff, Alan Brand resume prosecution of the action and his counterclaim by filing and serving a note of issue within ninety days after receipt of this demand. The notice also set forth the following:
"If the Defendant defaults in complying with such demand within said ninety-day period, then such default will serve as the basis for a motion by the Plaintiff for dismissal as against the Defendant for unreasonably neglecting to proceed. See CPLR §3216(b)(3). Issue was joined in the action when the Defendant filed the Verified Answer & Counterclaims on October 30, 2023 (see NYSCEF #47) and one year elapsed since the joinder of issue. See CPLR §3216(b)(1)-(2)." NYSCEF Doc. No. 96. Brand did not resume prosecution of the counterclaim prior to the expiration of the 90-day period. 
Plaintiff now moves pursuant to CPLR 3216 to dismiss Brand's counterclaim for failure to prosecute. According to plaintiff, it complied with the requirements pursuant to CPLR 3216 and dismissal of the counterclaim is warranted.
In opposition, Brand argues that any delay in filing the note of issue was not willful. He claims that it was plaintiff's responsibility to serve and file a note of issue upon completion of discovery. However, plaintiff made no attempt to call or correspond with counsel in good faith to discuss filing one. Brand further alleges that he has a potentially meritorious cause of action as he is prejudiced by the loan modification. 

DISCUSSION
Dismissal for Failure to Prosecute
Pursuant to CPLR 3216, a court is permitted to "dismiss a complaint for want of prosecution after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action." Ting Chen v Xiao Fang Shen, 228 AD3d 798, 799 (2d Dept 2024); See CPLR 3216 (a), (b) (3). In general, although a defendant will usually move for this relief against a plaintiff, the relief in CPLR 3216 is available to either party. See e.g. Carlucci v Carlucci, 140 AD2d 290, 290 (2d Dept 1988) (Plaintiff cross-moved to dismiss defendant's "counterclaims for rent and to recover damages for waste on the ground of a failure to prosecute"). Further, "[i]n the event that the party upon whom the demand is served fails to serve and file a note of issue within 90 days, the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action." Ting Chen v Xiao Fang Shen, 228 AD3d at 799 (internal quotation marks omitted).
As previously mentioned, in motion sequence 001, plaintiff moved to dismiss Brand's counterclaim. Brand did not submit opposition to the motion. Although the branch of plaintiff's motion to dismiss the counterclaim was denied, the remaining branch granting the foreclosure and order of reference was granted. Despite this decision and order granting a referee to compute the amount due, Brand failed to resume prosecution of the counterclaim or correspond with the Court or the parties. After waiting approximately two months, plaintiff served a 90-day notice pursuant to CPLR 3216 demanding that Brand resume prosecution of the counterclaim. The notice advised Brand that if he defaults in complying with such demand within said 90-day period, then such default will serve as the basis for a motion by the plaintiff for dismissal as against him for unreasonably neglecting to proceed. 
Despite receiving this notice, Brand still failed to comply or correspond with the Court or the parties. Thus, after the 90-day period expired, plaintiff moved for dismissal for failure to prosecute. For the reasons set forth below, plaintiff's motion to dismiss is granted. 
Here, Brand does not dispute that plaintiff properly served him with a demand to resume prosecution of his counterclaim. Upon receiving a 90-day demand, Brand "was required to timely file a note of issue or move, before the default date, to vacate the notice or to extend the 90-day period." Felix v County of Nassau, 52 AD3d 653, 653-654 (2d Dept 2008). However, Brand did neither. 
Further, in opposition to this motion, Brand claims that he failed to respond to the CPLR 3216 notice because he was waiting for plaintiff to file a note of issue and/or confer with defendant's counsel about discovery or filing a note of issue. However, the Court finds that Brand failed to proffer "a reasonable excuse for [his] failure to respond to [plaintiff's] 90-day notice." Cintron v Carter, 230 AD3d 1291, 1292 (2d Dept 2024). While the "court has the discretion to accept law office failure as a justifiable excuse, law office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect, or where allegations of law office failure are conclusory, undetailed, and unsubstantiated." Ting Chen v Xiao Fang Shen, 228 AD3d at 799. Under the circumstances, given the explicit instructions in the 90-day notice coupled with the complete lack of response from Brand, Brand's opposition to the motion "proffered only conclusory and unsubstantiated claims of law office failure." Id.; see also Silver Acupuncture, P.C. v GEICO Gen. Ins. Co., 2021 NY Slip Op 50833(U), *1 (App Term, 2d Dept 2021) (internal citations omitted) ("The affidavit submitted by plaintiff in [*2]opposition to defendant's motion did not provide a detailed and credible explanation of the law office failure that had caused the attorney's failure to file the notice of trial. . . . we find that plaintiff's claim of law office failure did not rise to the level of a justifiable excuse"). 
"In view of the lack of reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a meritorious defense." Levi v Levi, 46 AD3d 519, 520 (2d Dept 2007). 
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.

CONCLUSION
Accordingly it is hereby
ORDERED that plaintiff's motion pursuant to CPLR 3216 dismissing Alan Brand's counterclaim is granted, and the counterclaim is dismissed; and it is further
ORDERED that plaintiff shall serve a copy of this Decision and Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.
This constitutes the Decision and Order of this Court.
Dated: May 29, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.